[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is Suzette Royal's motion to sever her trial from that of her codefendant husband, Kevin Bailey. The state has charged the defendants with multiple violations of the state dependency producing drug law and with conspiracy to violate the same. Royal moves for severance on the following grounds: 1) "A joint trial will lead to the admission of testimony as to Bailey, which is irrelevant and immaterial as to . . . Royal, the prejudicial impact of which far [outweighs] any probative value;" 2) "The police possessed no independent basis to believe that [Royal] was engaged in any of the conduct alleged to have been committed by her husband, and her arrest and prosecution is nothing more than an attempt to utilize her as leverage to coerce a guilty plea out of . . . Bailey;" 3) "There is no independent basis to connect [Royal] to any of the charges listed in the information;" and 4) "A joint trial will permit the jury to misapply evidence pertaining to Bailey." (Defendant's Motion, ¶¶ 3-6.)[1] The state opposes the motion to sever.
"[W]hether to consolidate or sever the trials of defendants involved in the same criminal incident lies within the sound discretion of the trial court. . . . Ordinarily justice is better subserved where parties are tried together. . . . Joint trials of persons jointly indicted or informed against are the rule, and separate trials the exception resting in the discretion of the court. . . . A separate trial will be ordered where the defenses of the accused are antagonistic, or evidence will be introduced against one which will not be admissible against others, and it clearly appears that a joint trial will probably be prejudicial to the rights of one or more of the accused. . . . [T]he phrase prejudicial to the rights of the [accused] means something more than that a joint trial will probably be less advantageous to the accused than separate trials." (Internal quotation marks omitted.) State v. Ortiz, 252 Conn. 533, 575,747 A.2d 487 (2000).
"The test for the trial court is whether substantial injustice is likely to result unless a separate trial be accorded. . . . The discretion of the court is necessarily exercised before the trial begins and with reference to the situation as it then appears to the court." (Citations omitted; internal quotation marks omitted.) State v. Booth,250 Conn. 611, 620, 737 A.2d 404 (1999). "[W]here proof of the charges against the defendants is dependant upon the same evidence and alleged facts . . . severance should not be granted except for the most cogent reasons." (Internal quotation marks omitted.) Id., 622. CT Page 11358
Based on the claims and the information before the court at this time, the court finds that the defendants' defenses are not antagonistic.[2]
The court further finds that Royal is unlikely to be unduly prejudiced by a joint trial with Bailey and any possible prejudice during the trial can be eliminated through special instructions to the jury. Therefore, the court concludes that no substantial injustice is likely to result from a joint trial of the two defendants. Accordingly, Royal's motion to sever is denied. However, developments, evidentiary in nature may occur which may cause the court to revisit the issue.
FORD, J.